**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHNATHAN JOHNSON,**

                                        **Plaintiff,**

        **vs.**                                                 **9:14-CV-743**
                                                                **(MAD/AT B)**

**LORI POUPORE,** *Inmate Records, Upstate Correctional*
*Facility*; **DONNA MAINVILLE,** *Inmate Records,*
*Upstate Correctional Facility*; **WELVIN SMITH,**
*Chaplain, Upstate Correctional Facility*; **BRYAN**
**BASHAW,** *Chaplain, Upstate Correctional Facility*;
**ANTHONY ANNUCCI,** *Acting Commissioner, DOCCS*;
**JOSEPH BELLNIER,** *Deputy Commissioner, DOCCS*;
**and CHERYL MORRIS,** *Director-Ministerial, DOCCS*,

                                        **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**JOHNATHAN JOHNSON**
**89-A-1042**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                    **RYAN L. BELKA, AAG**
**STATE ATTORNEY GENERAL**
Main Place Tower
350 Main Street
Suite 300A
Buffalo, New York 14202
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

        Plaintiff, a frequent litigant, commenced this civil rights action in Franklin County

Supreme Court, alleging that Defendants violated his First Amendment rights when they

confiscated his gold cross and chain and when they would not let him "designate" his religion as

both National of Islam ("NOI") and Roman Catholic.  *See* Dkt. No. 1.  On June 19, 2014, Defendants removed the action to this Court.  *See id.*

In his complaint, Plaintiff contends that he is a Roman Catholic and a Muslim.  In 2005, Plaintiff designated his religion with the Department of Corrections and Community Supervision ("DOCCS") as NOI.  In February of 2009, Plaintiff was issued a "Jewelry Permit" for a "gold cross and gold chain."  Dkt. No. 4 at 7-8.  In September of 2013, Plaintiff placed his gold chain and cross into his "personal property" in preparation for a court trip.  *See id.* at 3-4.  Upon his return to Upstate Correctional Facility ("Upstate C.F."), the cross and chain were not returned.  In response to his grievances and complaint, Plaintiff was informed that the gold cross and chain would not be returned to him because the rules governing his designated religion – NOI – do not include the item as an authorized religious medallion.  *See id.* at 4-5.  Further, Plaintiff was advised by the Central Office Review Committee ("CORC") that DOCCS Directive No. 4202 requires that a religious medallion be "consistent with the inmate's documented religion, and it is noted that the grievant is registered as Nation of Islam."  Dkt. No. 36-3 at 11.  Further, Plaintiff was told that the chain and cross would not be returned because the chain was broken and considered "altered."  Dkt. No. 4 at 4-5.

At this point, Plaintiff requested that his records be changed to reflect that he was both NOI and Roman Catholic.  *See id.* at 7.  In response to a grievance, the Inmate Grievance Resolution Committee ("IGRC") advised Plaintiff that Directive No. 4402 did not provide for an inmate to be registered as a member of two religions.  *See id.* at 8; *see also* Dkt. No. 4-1 at 1-2.

In his complaint, Plaintiff contends that, among other things, Directive No. 4202 is unconstitutional insofar as it bars him from designating more than one religion.  *See id.* at 10.

2

Moreover, Plaintiff claims that withholding his gold chain and cross violates his First Amendment right to the free exercise of his religion(s). *See id.*

In a December 16, 2015 Report and Recommendation, Magistrate Judge Baxter recommended that the Court grant the remaining Defendants' motion for summary judgment and dismiss this case. *See* Dkt. No. 46. Specifically, Magistrate Judge Baxter found that Plaintiff failed to demonstrate that he had a sincerely held religious belief that he must wear his gold chain and cross. *See id.* at 10-12. Rather, his testimony made clear that he simply wants his property back. *See id.* Further, Magistrate Judge Baxter noted that Directive No. 4202 "only implies that an inmate may only designate one religion at a time" and found that "this requirement is reasonable." *Id.*

In his objections to Magistrate Judge Baxter's Report and Recommendation, Plaintiff argues that Directive No. 4202 impermissibly burdens his First Amendment rights under the free exercise clause. *See* Dkt. No. 47 at 1. Further, Plaintiff contends that Directive No. 4202 does not have a "legitimate rational connection to the governmental objective[.]" *Id.* at 4. Thereafter, most of the "objections" Plaintiff has to the Report and Recommendation center around his belief that his chain and cross were not broken when they were surrendered into DOCCS' custody. *See id.* at 4-6. On December 30, 2015, Defendants responded to Plaintiff's objections, and argued primarily that the objections provide no new information and simply rehash the arguments previously made. *See* Dkt. No. 48.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same

arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, the Court finds that Magistrate Judge Baxter correctly recommended that the Court should grant Defendants' motion for summary judgment and dismiss this case. Although courts generally do not question the centrality of particular beliefs or practices to a faith, or the validity of a litigant's interpretation of those creeds, *see Amaker v. Goord*, No. 06-CV-490A, 2010 WL 2595286, *11 (W.D.N.Y. Mar. 25, 2010), courts may consider whether an

inmate sincerely hold a particular belief and whether the belief is religious in nature. *See Frazee v. Ill. Dep't of Employment Sec.*, 489 U.S. 829, 834 (1989).

As Magistrate Judge Baxter correctly noted, Plaintiff's deposition testimony shows that he has anything but sincerely held religious beliefs (relevant to the present matter). Plaintiff testified that the only reason he registered as NOI in 2005 was to participate in their feasts. As stated in the Report and Recommendation, Plaintiff "stated that his holy days were known to him as 'ass kicking days,' and that he really just wanted his property back because he had worn that cross and chain for many years." Dkt. No. 46 at 11. Notably absent from Plaintiff's deposition or other evidence before the Court is an allegation that he wishes to wear his gold chain and cross because of his alleged religious beliefs or that he sincerely believes that he should be wearing these items due to his religion. *See Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1998). Rather, Plaintiff's statements and submissions make clear that, for purely non-religious reasons, Plaintiff wants his property returned to him.

Alternatively, the Court finds that Defendants are entitled to qualified immunity. The Court was unable to find any cases dealing with a factually similar situation, in which an inmate wished to designate two official religions. As such, a reasonable official would not have understood that prohibiting Plaintiff from designating himself as both Roman Catholic and Muslim was in violation of his well-established constitutional rights. Further, as Magistrate Judge Baxter noted, Plaintiff's claims for injunctive relief are now moot because Directive No. 4202 has been amended to remove the requirement that an inmate's use of, or request for, any particular "'religious article shall be consistent with his or her documented religion." Dkt. No. 46 at 13 n.9 (citations omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's December 16, 2015 Report and Recommendation is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion to vacate is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 27, 2016
          Albany, New York

Mae A. D'Agostino
U.S. District Judge